| | |
|---|---|
| LUIS ALBERTO MENDEZ JIMENEZ, | No. 2:18-cv-00044-JAM-KJN |
| Plaintiff, | |
| v. | **ORDER GRANTING THE REGENTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' CLAIMS AGAINST JAVIST AND SOKOLOV** |
| COUNTY OF SACRAMENTO; et al., | |
| Defendants. | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff filed his complaint for damages against The Regents of the University of California, Danielle Dass, Charlene Williams, Gregory Sokolov, and Andrea Javist (together, the "JPS Defendants") as well as the County of Sacramento and three county deputies ("County"). Id. Plaintiff alleges that he suffered injuries caused by Defendants' medical negligence and deliberate indifference toward his constitutional rights while he was detained in the county jail. Id.

The County, and the JPS Defendants filed separate motions for summary judgment. JPS Defendants Mot. for Summ. J. ("JPS Defendants Mot."), ECF No. 32; County Mot. for Summ. J. ("County Mot."), ECF No. 33. On November 5, 2019, the Court held a hearing on both motions. Minutes for November 5, 2019 Hearing, ECF No. 44.

At the hearing, the Court granted the County's motion in its entirety. The Court denied the JPS Defendants' motion for summary judgment on Plaintiff's medical negligence claim and Section 1983 claims against Dass and Williams. The Court also

1

took the JPS Defendants' motion for summary judgment on Plaintiff's Section 1983 claim against Sokolov and Javist under submission. For the reasons stated below, the Court now GRANTS summary judgment on this claim against Javist and Sokolov.

I. OPINION

Plaintiff pled a section 1983 claim against Sokolov and Javist, arguing their failure to provide adequate mental health treatment to inmates constituted a violation of the Fourteenth Amendment. Compl. ¶ 27. Plaintiff's opposition to the JPS Defendants' summary judgment motion appears to conflate a section 1983 municipal liability with a section 1983 claim against public officials acting in their individual capacity. JPS Defendants Opp'n at 16. To the extent Plaintiff is asking the Court to recognize a respondeat superior theory of municipal liability, that request is denied. Neither municipalities nor public officials acting in their official capacity can be held vicariously liable under section 1983. Keates v. Koile, 883 F.3d 1228, 1242 (9th Cir. 2018). Because Plaintiff's complaint names Sokolov and Javist as defendants in their individual capacity, the Court treats his section 1983 claims against them as resting on a theory of individual, supervisor liability. Id. Supervisory officials violate section 1983 when they are (1) personally involved in a constitutional deprivation, or (2) if there is a "sufficient casual connection between the supervisor's wrongful conduct and the constitutional violation. Rodriguez v. Cty. of Los Angeles, 891 F.3d 776, 798 (9th Cir. 2018).

1. Personally Involved

The JPS Defendants argue "there is no evidence [Javist and Sokolov] had any personal involvement in the alleged deprivation of [Plaintiff's] mental health care," because they never saw Plaintiff. JPS Defendants Reply at 7. Plaintiff does not dispute this. See generally JPS Defendants Opp'n at 15-19. Thus, neither Dr. Javist nor Ms. Sokolov can be "liable for any personal involvement in the deprivation of [Plaintiff's] constitutional [violation]...." Redman v. San Diego, 942 F.2d 1435 (9th Cir. 1991) (finding the defendant could not be liable for any personal involvement when he was not "personally appraised" of the harm plaintiff was suffering).

2. Casual Connection

Even if not personally involved, a supervisor "may be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." Rodriguez, 891 F.3d at 798. "[A] plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury." Starr v. Bacca, 652 F.3d 1202, 1207 (9th Cir. 2011). A plaintiff can satisfy the causation element by showing a supervising defendant "set[] in motion a series of acts by others or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr, 652 F.3d at 1207-08.

1    Plaintiff alleges the "absence of any real mental health
2    treatment options [under the supervision of Sokolov and Javist]
3    caused him to decompensate during his incarceration, and
4    ultimately led him to attempt suicide." JPS Defendants Opp'n at
5    18. Defendant argues Javist and Sokolov could not have caused
6    Plaintiff's injuries because "they did not breach a duty to
7    Plaintiff which was the proximate cause of the injury.
8    …[Plaintiff]was not their patient and they owed him no duty."
9    JPS Defendants Reply at 7. The Court agrees.
10       Plaintiff never established that Dr. Sokolov and Ms. Javist
11   owed him a duty. Further, Plaintiff did not present any expert
12   evidence concluding that Dr. Sokolov and Ms. Javist caused his
13   suicide attempt or prevented him from receiving mental health
14   care during his detention. Plaintiff relies on the testimony of
15   witness Dr. Bruce Gage to support his causation conclusion. JPS
16   Opp'n 18-19. But as Defendants correctly point out, Dr. Gage
17   never reaches a causation conclusion. JPS Defendants Reply at 7.
18       Proximate cause is a question of fact for the jury, only if
19   it is possible "to raise a reasonable inference that the act
20   complained of was the proximate cause of the injury." Rexall
21   Drug Co. v. Nihill, 276 F.2d 637, 645 (9th Cir. 1960). Without
22   evidence supporting Plaintiff's conclusion of causation, a jury
23   cannot raise a reasonable inference as to that issue. Rather, a
24   jury would be left to speculate. Accordingly, Plaintiff has
25   failed to demonstrate that there is a genuine dispute of material
26   fact as to the element of causal connection with respect to
27   Sokolov and Javist's alleged individual liability under Section
28   1983. Summary judgment is granted in favor of these defendants.

## II. ORDER

For the reasons set forth above, the Court GRANTS summary judgment as to the Section 1983 claim against Defendants Sokolov and Javist.

IT IS SO ORDERED.

Dated: November 8, 2019

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE